**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-403-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dale Washington Orman, | ) | |
| Defendant. | ) | |

Defendant has filed a motion for release pending appeal and for stay of his sentence of imprisonment. Doc. #54. The Government opposes the motion. Doc. #57. Defendant has filed a reply. Doc. #62. For the reasons set forth below, the Court will deny the motion.

To grant Defendant's motion, the Court must find by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(b)(1)(A). The Court must also find that Defendant's appeal has not been filed for the purpose of delay and raises substantial questions of law or fact likely to result in reversal of his conviction, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence that is less than the total time already served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(1)(B).

Defendant's criminal history includes several decades-old convictions for assault, disorderly conduct, and possession of controlled substances. Defendant pled guilty to the charge in this case of being a felon in possession of a firearm. The conduct at issue – carrying a firearm in the Paradise Valley Mall – occurred in August of 2004. In May of

2005, shortly before he was indicted in this case, Defendant was charged with assault in Phoenix municipal court. The complaint alleged that Defendant physically abused his wife on May 2 and 3, 2005. Specifically, Defendant was charged with hitting his wife on the head with the butt of a pistol, hitting her in the ribs, kicking her, hitting her in the face, dragging her through the house by her hair, threatening to kill her, and choking her almost to the point of unconsciousness. *See* Presentence Investigation Report, revised May 26, 2006, ¶28. The charges were dropped when Defendant's wife requested their dismissal and stated that she and Defendant had agreed to attend anger counseling. *Id*. In connection with sentencing, Defendant's wife provided the Court with an affidavit recanting her accusations against Defendant. Doc. #40, Ex. E.

Balanced against this criminal history is Defendant's record of running a successful tattoo business in Phoenix for many years, his involvement in civic activities, and his lack of criminal convictions from 1987 to the present case. These factors would persuade the Court that Defendant is not a danger to the community were it not for the recent charges against him in this case and the domestic violence case. Although the domestic violence charges have now been denied by Defendant's wife, her affidavit is inconsistent with allegations she made in May of 2005.

The Court concludes that it must deny the motion on the basis of Defendant's burden of proof. He must show by "clear and convincing evidence" that he is not a danger to the community. 18 U.S.C. § 3143(b)(1)(A). Although Defendant might be able to meet a preponderance of the evidence burden, the Court concludes that his actions in this case and the recent domestic violence charges, when combined with his past criminal history, preclude a finding by "clear and convincing evidence" that he is not a danger to any other person or the community. *Id*.

Given this conclusion, the Court need not address the other factors raised by Defendant's motion.

1   **IT IS ORDERED** that Defendant's motion for release pending appeal and to stay his
2   sentence of imprisonment pending resolution of his appeal (Doc. #54) is **denied**.
3   DATED this 10th day of August, 2006.

*David G. Campbell*
United States District Judge